# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| **MICHELLE ANTOINETTE MOORE,** | § | |
| | § | |
| **Appellant,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:19-cv-00195-O-BP** |
| | § | |
| **ANDREW M. SAUL, Commissioner of** | § | |
| **Social Security[1],** | § | |
| | § | |
| **Appellee.** | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Appellant Michelle Moore (hereinafter "Plaintiff") filed this action on March 5, 2019, seeking judicial review of a final adverse decision of the Commissioner of Social Security ("Commissioner"), who denied her application for a period of disability and disability insurance benefits under Title II of the Social Security Act and Supplemental Security Income payments under Title XVI. *See* Compl., ECF No. 1; *see also* Appellant's Br., ECF No. 15. The Commissioner has filed an answer, *see* Answer, ECF No. 11, and a certified copy of the transcript of the administrative proceedings, *see* SSA Admin. R. (hereinafter, "Tr."), ECF No. 13, including the hearing before the Administrative Law Judge ("ALJ"). The parties briefed the issues. *See* Appellant's Br., ECF No. 15; Def.'s Resp., ECF No. 20; Appellant's Reply Br., ECF No. 21. Pursuant to 28 U.S.C. § 636(b), the case was referred to United States Magistrate Judge Hal R. Ray, Jr., for review and submission of proposed findings of fact and recommendation for

---

[1] On June 17, 2019, Andrew Saul assumed the office of Commissioner of the Social Security Administration, replacing Nancy A. Berryhill, who was the Acting Commissioner of the Social Security Administration. The Court automatically substitutes Andrew Saul as Defendant pursuant to Fed. R. Civ. P. 25(d). *See also* section 405(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security). Title II governs disability insurance benefits. See 42 U.S.C. §§ 401-34.

disposition. On January 31, 2020, the United States Magistrate Judge filed his Findings, Conclusions and Recommendation ("Report"), recommending that the Court affirm the final decision of the Commissioner. Report, ECF No. 22. Plaintiff filed timely objections to the Report on February 14, 2020. Objection, ECF No. 23.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **ACCEPTS** the Report after reviewing all relevant matters of record, including the pleadings, legal briefing, transcript of the administrative record, Report, and the filed objections in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).

The Court conducts a *de novo* review of the portions of the Report to which a party objects. Anything that Plaintiff did not specifically object to is reviewed for plain error. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference, or refers to, the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citation omitted); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). "Substantial

evidence is such relevant evidence as a responsible mind might accept to support a conclusion."

*Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Richardson v. Perales*, 402 U.S. 389, 401 (1977);

*accord Copeland*, 771 F.3d at 923. It is more than a scintilla, but less than a preponderance. *Boyd*,

239 F.3d at 704; *Perales*, 402 U.S. at 401; *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir.

1989). The district court may not reweigh the evidence or substitute its own judgment for that of

the Commissioner. *Copeland*, 771 F.3d at 923; *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000);

*Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). The Court must scrutinize the record,

however, to ascertain whether substantial evidence supports the Commissioner's findings. *Hollis*

*v. Bowen*, 837, F.2d 1378, 1383 (5th Cir. 1988). "Conflicts in the evidence are for the

Commissioner and not the courts to resolve." *Newton v. Apfel*. 209 F.3d 448, 452 (5th Cir. 2000)

(citation omitted). A finding of no substantial evidence is appropriate only when there is no

medical evidence or credible evidentiary choices in the record to support the Commissioner's

decision. *Johnson*, 864 F.2d at 343-44.

Plaintiff states two objections: (1) "the ALJ failed to give due consideration to the opinion of

Plaintiff's treating psychiatric nurse practitioner, and to the opinion of a psychological consultant

who evaluated Ms. Moore and administered a number of psychological tests on September 8,

2014[; and (2)] the Plaintiff has challenged the jobs relied upon by the ALJ at step 5 of the

sequential evaluation of disability." Objection 1, ECF No. 23. Plaintiff's Objection only "focus[es]

upon the first point presented" and the second objection was not supported with specificity and is

therfore **OVERRULED**.

Plaintiff's first objection—that the ALJ did not give due consideration to the opinion of the

nurse practitioner and the psychological consultant—is also overruled. The ALJ specifically stated

the standard by which he considered opinion evidence "in accordance with the requirements of 20

C.F.R. 404.1527 and 416.927" and referenced both Nurse Kunkel and Dr. Sasano's opinions and articulated reasons for partially relying on them. Further in support of her objection, Plaintiff cites to *Watson v. Barnhart*, a Fifth Circuit decision that requires the ALJ to determine an individual is "capable not only of obtaining, but also maintaining employment." 288 F.3d 212, 218 (5th Cir. 2002). In her Objection, Plaintiff stated that "[t]he Magistrate Judge also noted that the Plaintiff had *maintained* several full-time positions for up to several months." Objection 3, ECF No. 23 (emphasis added) (citing Report 8, ECF No. 22 (citing Tr. 15)). For the foregoing reasons, the Magistrate Judge did not err in concluding the ALJ relied on the reports when making his decision. Accordingly, Plaintiff's second objection is **OVERRULED**.

Having conducted a *de novo* review of all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and Plaintiff's Objections in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the undersigned District Judge believes that the Findings and Conclusions of the magistrate judge are correct, and they are **ACCEPTED** as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED** on this **19th day** of **March, 2020**.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**